JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>C3 INTERNATIONAL, INC., STEELE CLARKE SMITH III, and THERESA SMITH,<br><br>Defendants. | Case No. 8:21-cv-01586-CAS-PDx<br><br>**FINAL JUDGMENT** |

This matter comes before the Court upon Plaintiff Securities and Exchange Commission's motion for a default judgment against C3 International, Inc., Steele Clarke Smith III and Theresa Smith (collectively, "Defendants"):

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants C3 International, Inc., Steele Clarke Smith III, and Theresa Smith are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

1  instrumentality of interstate commerce, or of the mails, or of any facility of any
2  national securities exchange, in connection with the purchase or sale of any security:
3      (a)    to employ any device, scheme, or artifice to defraud;
4      (b)    to make any untrue statement of a material fact or to omit to state a
5      material fact necessary in order to make the statements made, in the light
6      of the circumstances under which they were made, not misleading; or
7      (c)    to engage in any act, practice, or course of business which operates or
8      would operate as a fraud or deceit upon any person.
9      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided
10 in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the
11 following who receive actual notice of this Final Judgment by personal service or
12 otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and
13 (b) other persons in active concert or participation with Defendants or with anyone
14 described in (a).

## II.

16     IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
17 Defendants C3 International, Inc., Steele Clarke Smith III and Theresa Smith are
18 permanently restrained and enjoined from violating Section 17(a) of the Securities Act
19 of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security
20 by the use of any means or instruments of transportation or communication in interstate
21 commerce or by use of the mails, directly or indirectly:
22     (a)    to employ any device, scheme, or artifice to defraud;
23     (b)    to obtain money or property by means of any untrue statement of a
24     material fact or any omission of a material fact necessary in order to make
25     the statements made, in light of the circumstances under which they were
26     made, not misleading; or
27     (c)    to engage in any transaction, practice, or course of business which
28     operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants C3 International, Inc., Steele Clarke Smith III, and Theresa Smith are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

///

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Steele Clarke Smith III and Theresa Smith are permanently restrained and enjoined from, directly or indirectly, including but not limited to through any entity owned or controlled by them, participating in the issuance, purchase, offer, or sale of any security; provided, however, that such injunction shall not prevent Steele Clarke Smith III or Theresa Smith from purchasing or selling securities listed on a national exchange for his or her own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants Steele Clarke Smith III and Theresa Smith's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants Steele Clarke Smith III or Theresa Smith or with anyone described in (a).

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] , Defendants Steele Clarke Smith III and Theresa Smith are prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants C3 International Inc., Steele Clarke Smith III and Theresa Smith are liable, jointly and severally, for disgorgement of $1,914,017, representing profits gained as a result of their, together with prejudgment interest thereon in the amount of $447,859.  In addition, Defendants Steele Clarke Smith III and Theresa Smith are each liable for a civil penalty in the amount of $621,549 and Defendant C3 International, Inc. is liable for a civil penalty in the amount of $3,107,727 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

Each Defendant shall satisfy his, her, or its obligations as described in this paragraph by paying the total amount for which he, she or it is liable to the SEC within 14 days after entry of this Final Judgment.

Each Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Each Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action.  By making this

/ / /

payment, the Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The SEC shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The SEC may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on any Defendant's payment of disgorgement in this action, argue that the Defendant is entitled to, nor shall Defendant further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the SEC directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants C3 International, Inc., Steele

Clarke Smith III or Theresa Smith by or on behalf of one or more investors based on substantially the same facts as alleged in the First Amended Complaint in this action.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants Steele Clarke Smith III and Theresa Smith, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants Steele Clarke Smith III and Theresa Smith under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by such Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: July 17, 2024

_____
HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE